**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-16601 |
| Plaintiff–Appellee, | |
| v. | D.C. No. 1:09–cv–01689–AWI–GSA |
| ACACIA CORPORATE MANAGEMENT, LLC, et al., | MEMORANDUM[*] |
| Defendants–Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 19, 2017[**]
San Francisco, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and BENCIVENGO,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Michael S. Ioane, Acacia Corporate Management, LLC, Mariposa Holdings, LLC, and Alpha Enterprises, LLC (collectively, "Ioane") appeal the district court's entry of Final Judgment after a bench trial in which the court found that Ioane was the Booths' nominee, and that the government could foreclose on the Booths' properties to satisfy the federal tax liens. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in concluding that Ioane held title to the Booths' properties as the Booths' nominee, or that all of the transfers of the Subject Properties were shams. The district court properly applied the six-factor test regarding the existence of a nominee relationship. *See Fourth Inv. LP v. United States*, 720 F.3d 1058, 1069–70 (9th Cir. 2013).

With regard to the first factor, "whether inadequate or no consideration was paid by the nominees," *id.* at 1070, the district court did not clearly err in finding that Ioane paid no consideration for the properties. The Booths testified that no money was ever paid for the transfers. Ioane states that he assumed $900,000 in debt from the Booths, but this is not adequate consideration, as the debt was initially owed to Southern Financial Trust, which the district court held was itself a Booth nominee. *See id.* (assumption of debts between nominees of same entity inadequate consideration). Ioane also argues that he paid the Booths $15,000 in

2

cash. However, the district court found Ioane's testimony not credible, and there is no evidence of the payment beyond Ioane's testimony.

With regard to the second factor, "whether the properties were placed in the nominees' names in anticipation of a lawsuit or other liability while the transferor remain[ed] in control of the property," *id.*, the district court did not clearly err in finding that the Booths had transferred the properties to Ioane in anticipation of litigation. Ioane argues that the transfers were not made in anticipation of litigation because they took place in 2005, six years after the government recorded its tax liens. However, Vincent Booth testified that the IRS investigation was "heating up" in 2005, and asserted that he made the transfers in order to avoid IRS scrutiny, Ioane cites no case establishing that a transfer must come within any set window of time before the events giving rise to liability to satisfy this factor.

With regard to the third factor, "whether there [was] a close relationship between the nominees and the transferor," *id.*, the district court did not clearly err in finding that the Booths and Ioane were close. It is undisputed that Ioane was the Booths' hired consultant, and the Booths testified that Ioane advised them about the purpose of the transfers. Moreover, the record indicates that Ioane acted as the Booths' agent and signed papers on behalf of Bakersfield, which the district court correctly found to be a Booth nominee, in the transfer of the properties to Acacia.

3

While Ioane asserts that this factor is not satisfied because he and the Booths had no familial connection, a familial connection is not necessary to find a close relationship between nominees and a transferor. *See, e.g.*, *United States v. Hounsom*, No. 6:14–cv–93–Orl–40DAB, 2015 WL 6152964, at *4 (M.D. Fl. Aug. 11, 2015) (finding close relationship where nominee and transferor were friends).

With regard to the fourth factor, whether the conveyances were recorded, the district court did not clearly err in finding that the transfer of the properties from the Booths was recorded. *See Fourth Inv. LP*, 720 F.3d at 1070. The government does not dispute this finding.

With regard to the fifth and sixth factors, the district court did not clearly err in finding that the Booths "retained possession" of the properties and "continue[d] to enjoy the benefits" of ownership. *Id.* Following the transfer, the Booths continued to live on one of the properties, and maintained an office in another. While Ioane argues that the Booths were rent-paying tenants, witness testimony supports the district court's finding that Ioane and the Booths maintained this arrangement for the sake of appearance.

The district court did not err in weighing all of the *Fourth Inv. LP* factors and concluding that Ioane was the Booths' nominee.

**2.** Nor did the district court err in concluding that the United States' tax liens on the properties were valid. The government's liens satisfied the requirements of 26 U.S.C. §§ 6321, 7403.

**AFFIRMED.**